**CARTER v. ROCKWELL.**

Patent Appeals No. 3719.

Court of Customs and Patent Appeals.

Feb. 8, 1937.

Bakewell & Church, of St. Louis, Mo., and Mason & Mason, of Washington, D. C. (John M. Mason, of Washington, D. C., of counsel), for appellant.

Arthur Wright, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant brings to this court for review a decision of the Board of Appeals, affirming the decision of the Examiner of Interferences awarding priority to appellee, in an interference declared upon the following count:

"The Count. A pump for supplying fuel to an internal combustion engine arranged to be actuated from an engine-driven part, said pump comprising two casing members, one of which is arranged

for mounting on the engine casing, a pump actuating part mounted in said last-mentioned casing member, the other casing member containing the pumping chamber and intake and discharge passages, said casing members being formed with recessed mated-faces at which they are secured together, one above the other, a flexible pumping diaphragm clamped between said casing members at areas of their said faces marginal with respect to the respective recesses, the recess of the upper of said casing members constituting the pumping chamber, a cap member secured to said upper casing member forming in cooperation therewith a pre-pump fuel receiving and · sediment trapping chamber above the pumping chamber, an intake passage extending downwardly from the fuel receiving and sediment trapping chamber into the pumping chamber, an intake check valve seating upwardly in the intake passage, a fuel inlet passage extending through said casing for delivery of fuel into the fuel receiving and sediment trapping chamber at a level substantially above the bottom thereof, an intake passage extension member secured to said upper casing part and· extending substantially to the top of the fuel receiving and sediment trapping chamber for receiving fuel therefrom and a filter screen in said fuel receiving and sediment trapping chamber for filtering the fuel passing through said chamber from said inlet passage to said intake passage extension member."

Appellee, Rockwell, who relies solely upon his filing date, is the senior party, his application having been filed February 26, 1930, while that of appellant, Carter, was filed February 18, 1933. Other parties were at one time involved in the interference, but they were eliminated, and the case comes to us as one in which only Carter and Rockwell are contesting.

The primary issue relates to Carter's reduction to practice.

■ It was observed by the Examiner of Interferences that the count (which originated in Rockwell's application) is "extremely specific" in nature and that "the prior art over which it was allowed is very close." We do not understand it to be questioned that Carter is entitled to make the claim which constitutes the count, but being the junior party

it was incumbent upon him to show reduction to practice (since he makes no claim of conception apart from reduction to practice) prior to Rockwell's filing date. To show such reduction to practice, Carter relies upon a device claimed to have been made and tested in the early part of 1928. The device was offered in evidence as Carter's Exhibit 1.

■ In the decision of the Examiner of Interferences, three elements of the count were discussed, namely, (a) "casing members being formed with recessed mated-faces at which they are secured together, one above the other" (a flexible pumping diaphragm being clamped between them); (b) "sediment trapping chamber above the pumping chamber"; and (c) "a fuel inlet passage extending through said casing * * * at a level substantially above the bottom thereof"—that is, the bottom of the sediment chamber.

We shall not attempt to describe the device embodied in Carter's Exhibit 1 with great particularity. It is sufficient to say that it is so arranged that the circular plates which constitute the casing members, between which the diaphragm is located, are mounted at an angle of less than thirty degrees to the vertical, and it is insisted on Carter's behalf that this places one of the plates above the other within the meaning of the count. Also by the arrangement the sediment trapping chamber is mounted at the same angle as a result of which its upper side is above the pumping chamber, but as to its lower side there is room for doubt. The arrangement also affects, to a certain extent, the location of the fuel inlet passage with reference to the bottom of the sediment chamber.

The Examiner of Interferences, in effect, held against the contentions of appellant as to all three of the elements stated. The Board agreed with the Examiner of Interferences as to the first element, and, therefore, held it to be unnecessary to pass upon the second. As to the third element, it agreed that "the bottom of the sediment chamber is substantially below the delivery of fuel into the sediment chamber," thus apparently differing with the Examiner of Interferences upon that particular point.

The Examiner of Interferences stated that his discussion was based upon the

assumption that when the tests were made in 1928 the device was positioned "as now mounted," but stated that "there is no corroboration of Carter's testimony that the pump was tested in this [tilted] position" and said "it would seem more natural to mount it in a vertical position."

Upon this point, the Board said:

"Certainly, the single corroborating witness nowhere definitely states that. he saw a test of the pump of the exhibit mounted in the manner therein shown. There appears to be no reason why it would be necessary to mount the pump in that manner rather than with the bottom of the sediment chamber horizontal and we are confident that the examiner was fully justified in holding that appellant did not properly establish a test of the device relied upon for reduction to practice."

We are in agreement with the Board that the "pump casing member cannot properly be regarded as above the other casing member." The dictionary definitions of "above," cited by counsel for appellant, have been examined along with other definitions, and, while there are abstract definitions which might, under some circumstances, justify a contention that the parts mounted so as to place them at an angle results in one being above the other, it seems to us that, in the ordinary and practical sense, appellant's arrangement does not meet the meaning which clearly should be given the phrase, "one above the other," as used in the count here at issue.

Since appellant has failed to show reduction to practice, prior to appellee's filing date, of any device which meets the count, it is unnecessary to pass upon the issue as to whether his evidence is sufficient to show that even the device embodied in Exhibit 1 was reduced to practice at the time claimed. Granting that it was, and we do not so hold, appellant is not in position to derive any benefit therefrom upon the issue of priority here presented. Neither is it necessary to pass upon the issues respecting the other described features of the count.

The decision of the Board of Appeals is affirmed.

Affirmed.